[J-43-2014] [MO: Castille, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAMING CONTROL BOARD, <br><br> Appellant <br><br> v. <br><br> OFFICE OF OPEN RECORDS, <br><br> Appellee <br><br> EASTERN PENNSYLVANIA CITIZENS AGAINST GAMBLING AND JAMES D. SCHNELLER, <br><br> Intervenor <br><br> VALLEY FORGE CONVENTION CENTER PARTNERS, LP, <br><br> Intervenor | : No. 67 MAP 2013 <br> : <br> : Appeal from the Commonwealth Court <br> : order dated June 11, 2012 at No. 1134 CD <br> : 2009, which Affirmed/Vacated/Remanded <br> : the order of the Office of Open Records <br> : dated May 11, 2009 at No. AP 2009-0281. <br> : <br> : ARGUED:   May 7, 2014 |

## CONCURRING OPINION

**MR. JUSTICE STEVENS**                    **DECIDED:   November 10, 2014**

I join the Majority holding that requestors must address their Right to Know Law requests to the designated open-records officer in the first instance.

I specifically acknowledge the crippling effect that would occur on legislators' constituent service if the Commonwealth Court interpretation of the RTKL in the instant case were upheld.

As indicated by the Amicus Curiae brief for the General Assembly:

The 253 elected members of the Senate and House of Representatives have offices in the Capitol and in their legislative districts to provide records and information about legislation and government services to their constituents. Most of the requests for information are made and answered informally and efficiently.

General Assembly's brief at 2.

To treat every written request for records as a RTKL request would have a major, negative effect on the ability of Pennsylvania legislators to carry out routine, daily constituent service.

Therefore, in addition to the cogent legal analysis by the Majority Opinion of this Court, I note the importance of allowing legislators to efficiently and routinely provide service to their respective citizens.

While I understand, appreciate, and support the importance of the RTKL, in this case I am swayed by the fact that both the Senate and House of Representatives have offered legal argument in favor of the plain language of the RTKL. Thus, I leave it to the elected legislators to amend the statutory language should they so desire rather than have this Court interpret such language in opposition to their expressed intent.